IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FRONTO KING, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. 1:19-cv-03472 |
| v. | ) | |
| | ) | |
| ANBAR TALAL d/b/a FRONTO LEAF | ) | |
| MASTER and d/b/a FRONTO | ) | |
| MASTER, | ) | |

### DEFENDANT'S MOTION TO DISMISS

Defendant Anbar Talal (hereinafter "Defendant"), by his attorneys, The Law Offices of Faris S. Hamtini, PC, respectfully moves this Court pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(6) and 12(b)(5) of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint ("Complaint") against him for lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and for improper service of process. Alternatively, Defendant Anbar Talal move to transfer this action, under 28 U.S.C. §§ 1391, 1404, and 1406, to the United States District Court for the Southern District of New York. In support thereof, Defendant, by his attorneys, state as follows:

### INTRODUCTION

This Court has no personal jurisdiction over the Defendant Anbar Talal. Mr. Talal is not a resident, nor does he have any contacts with the state of Georgia. Plaintiff claims this Court has personal jurisdiction over Defendant by relying on an Instagram page with no activity and zero posts, a non-existent Facebook page and the existence of an allegedly authorized distributer who mainly sells Plaintiff's products.

1

Plaintiff's Complaint fails to identify with any particularity: (a) how Fronto Leaf Master has allegedly infringed Plaintiff's trademark; (b) the elements of infringements of the Plaintiff's trademark or Plaintiff's trade-dress; or (c) the elements of the false designation of origin as alleged in the Complaint.  Instead, Plaintiff's Complaint merely recites the elements of each cause of action with bare allegations devoid any factual support with respect to named Defendant.

Plaintiff failed to properly serve Defendant under the Federal Rules of Civil Procedure. Process was <u>not</u> served on a an-agent of Mr. Talal. It was served on a part-time delivery employee who speaks little English and did not understand what was handed to him. It was served after the 90-day period specified in Rule 4(m) and without instructions from the Court.

## ARGUMENT

### I. 12(b)(2)-(3) MOTION TO DISMISS

Under Rule 12(b)(2), a party may move to dismiss a complaint for "lack of personal jurisdiction" or "improper venue" Fed. R. Civ. P. 12(b)(2)-(3). Further, Plaintiff bears the burden to establish that personal jurisdiction exists over the defendant and to provide sufficient evidence to establish a prima facie case of personal jurisdiction. "A plaintiff seeking the exercise of personal jurisdiction over a non-resident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260,1274 (11th Cir. 2009). Similarly, "[t]he plaintiff has the burden of showing that venue in the forum is proper." *Minyobe v. Wilson*, No.1:15-cv-654-WSD, 2015 WL 6873555, at 2 (N.D. Ga. Nov. 9, 2015) (quoting Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006)). When a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence in supporting jurisdiction, *Madara v. Hall*, 916 F.2.d 1510, 1514 (11th Cir. 1990). Here, the Plaintiff's Complaint lacks sufficient allegations establishing either personal jurisdiction in this Court over a non-

resident Defendant or the propriety of venue in this Court. Mr. Talal is not a resident of Georgia and does not maintain the required minimum contacts with the state to subject him to the jurisdiction of this Court.

**A. Plaintiff Fails to Provide Sufficient Evidence to Establish A Prima Facie Case of Personal Jurisdiction or Proper Venue.**

In the Complaint, plaintiff lists various contacts to establish personal jurisdiction that do not withstand simple examination. These contacts are (1) An Instagram Page (2) A Facebook page (3) an allegedly authorized distributor, Unique Wholesalers, Inc., that do not really carry any of Defendant's Products but sells many of Plaintiff's Products (Exhibit C).

In his affidavit, Defendant Anbar Talal testifies he has not created those pages on Instagram or Facebook nor does he have any idea who has created them nor has he given anyone the authority to create them (See Exhibit A). Further, a simple search on Instagram shows that page has almost no activity and hasn't even posted one post (See Exhibit B). A search on Facebook has returned no results for the specific page alleged in the Complaint. As to the distributor, Mr. Talal has declared he has no distributers in Georgia (See Exhibit A). For the specific distributer mentioned in the Complaint, Mr. Talal had no recollection of doing any business with that entity and further conducted a broad search for any bills or contracts with such entity but found no evidence he has ever done business with this distributor entity or any other entity in Georgia (Exhibit A). Further, after a search for the distributer's website, it appears they operate at 5201 Brook Hollow Pkwy Suite L Norcross GA, 30071 (not the address provided in the Complaint) and that it mostly sells Plaintiff's products on its website (See Exhibit C). It shows an image of the Defendant's products but won't allow to select any products or quantities or add it to the cart to purchase it. (See Exhibit A & D)

Plaintiff did not satisfy its burden of establishing sufficient facts to establish personal jurisdiction. If Plaintiff had conducted a simple inquiry to what it has asserted as contacts with the state Georgia in their Complaint, it would have become apparent to it that it is nothing but "vague and conclusory allegations … insufficient to establish a prima facie case of personal jurisdiction." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006). In *Snow*, the plaintiff alleged in conclusory fashion that the defendants "have committed, and conspired to commit, acts and have acted alone and in concert to commit acts within the State of Florida . . . relevant to and giving rise to the claims herein." Id. at 1318. Refusing to accept this conclusory allegation, the district court dismissed a non-resident defendant from the case for lack of personal jurisdiction, which decision was affirmed on appeal by the Eleventh Circuit. Id. at 1319; see also, e.g., *Gregory v. Mihaylov*, No. 1:12-CV 2266-TWT, 2013 WL 75773, at 4 (N.D. Ga. Jan. 4, 2013) (dismissing claims against non-resident defendants where plaintiff failed to allege a prima facie case of personal jurisdiction and stating that the Court "will not credit conclusory allegations in determining whether the Plaintiff has established personal jurisdiction . . . ." The contacts asserted by the Plaintiff are nothing more than a mirage thinly veiled as facts. They do not withstand the simplest examination and in no way satisfies the Plaintiff's burden of establishing personal jurisdiction. It is also curious that any business would want to create a page specifically for each city or each state. Platforms like Instagram and Facebook are global in nature. Small local businesses such restaurants and parlor shops as well as multinational companies selling products worldwide generally would only need one page to advertise to their prospective customers.

A district court is authorized to transfer an action under 29 U.S.C §§ 1404 and 1406. See, *Aguacate Consol. Mines,Inc. Of Costa Rica v. Deeprock, Inc.*, 566 F.2d 523, 524 (5th Cir. 1978) (interpreting § 1404(a) "to permit transfer for the convenience of parties and in the interest of justice of cases with proper venue if no personal jurisdiction existed in the transferring court").

**B.   Apart from Plaintiff's pleadings deficiencies, Plaintiffs cannot satisfy Georgia's long-arm statute.**

Federal courts apply a two-step inquiry to determine "whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the due process clause of the Fourteenth Amendment." *UPS Supply Chain Sols., Inc. v. Dynasystems Ltd.*, No. 1:15-CV1467-TCB, 2016 WL 354618, at *3 (N.D. Ga. Jan. 29, 2016) (citing *Diamond Crystal Brands, Inc.v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010)). A court should assert general jurisdiction over non-residents only where "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Schulman v. Inst. For Shipboard Educ.*, 624 F. App'x 1002, 1005 (11th Cir. 2015) (quoting Goodyear, 564 U.S. at 919)).

The statute confers jurisdiction to the "maximum extent permitted by due process." *SES Indus., Inc. v. Intertrade Packaging Mach. Corp.*, 236 Ga.App. 418, 420, 512 S.E.2d 316 (1999). Due process requires that the nonresident must "have fair warning that a particular activity may subject him to the jurisdiction of a foreign sovereign." *Id.* In determining whether the nonresident was provided with fair warning, courts consider whether the nonresident's conduct and connection with the forum state are such that the nonresident should reasonably anticipate being hauled into court there, whether the nonresident acted to avail itself of the forum state's law, whether the claim relates to those acts, and whether the exercise of jurisdiction is reasonable. *Id. See also Hartoy Inc. v. Thompson,* 2003 WL 21468079, at 3, 2003 U.S. Dist. LEXIS 3185 at 8-9 (finding that the defendant's submission of eighty orders by phone and mail to the plaintiff evidenced a "commercial relationship" but did not form the basis of plaintiff's trademark infringement claims and could not, therefore, support personal jurisdiction).

Here Defendant had engaged in no activity that would subject him to the jurisdiction of the State of Georgia. He has no distributers or customers in the State of Georgia. He has directed no marketing efforts in the State of Georgia. He has no agreements or contracts in in the State of Georgia. He has never mailed nor received any mail from the State of Georgia. He has not even had the pleasure of visiting the State of Georgia.

## II.   12(b)(6) MOTION TO DISMISS

Under Rule 12(b)(6), the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).  The Supreme Court in *Bell Atl. Corp v Twombly*, 550 U.S. 544, 570 (2007) held that the often "questioned, criticized, and explained away" language from its prior decision in *Conley v. Gibson*, 255 U.S. 41 (1957), that motions to dismiss under Rule 12(b)(6) should only be granted if there are "no set of facts" that could be proven to support relief, "has earned its retirement" "after puzzling the profession for 50 years." *Twombly*, 550 U.S. at 561-63.  Instead, the Court made clear that Rule 8 requires that a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Without requiring at least facial plausibility, "claim[s] would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery."  Id. at 561 (emphasis added).  Such a minimal pleadings standard would render meaningless a court's "power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." Id. at 558 (quoting *Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 528 n.17 (1983)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court clarified that the *Twombly* plausibility pleadings standard applies to "all civil actions."  *Iqbal*, 129 S. Ct. at 1953.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or a '**formulaic recitation of the elements of a cause of action will not do**.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting *Twombly*, 550 U.S. at 555, 557) (emphasis added). In short, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

As explained below, courts applying *Iqbal* and *Twombly* to complaints for trademark infringement have held that complaints, such as Plaintiff's Complaint, which merely state conclusory allegations of infringement without **identifying the elements of infringement** and the factual basis for such claims, should be dismissed pursuant to Rule 12(b)(6).

### A. Plaintiff's Complaint fails to State a Claim for Trademark & Trade Dress Infringement Under Lanham Act (15 U.S.C. Section 1114) Or a Claim for False Designation of Origin and Unfair Competition Under Lanham Act (15 U.S.C. Section 1125) For Which Relief Could be Granted

This Circuit has dismissed trademark infringement cases for failure to state a cause of action. In *Mobley v. Claire Fermont-Langlois, et al*., No 16-12340 (11th Cir. 2017), it affirmed the dismissal of Plaintiff's trademark claims. "[T]he touchstone in a trademark infringement action is not simply whether there is an *unauthorized use of a protected mark but whether such use is likely to cause consumer confusion*" (quoting *Custom Mfg. & Eng'g, Inc v. Midway Servs.,Inc*., 508 F.3d 641 (11th Cir. 2007) (emphasis added). In this present action, Plaintiff provides no facts that establish an unauthorized use but merely the use of a generic term and a registered trademark. Likelihood of confusion is a matter of fact that most federal courts won't rule on in a motion to dismiss *Coach House Rest. Inc. v. Coach and Six Rest., Inc.* 934 F.2d 1551, 1560-63, 1565 (11th

Cir. 1991). However, you must have unauthorized use before you reach the question of whether such unauthorized use will cause likelihood of confusion. Plaintiff in this present action has not established unauthorized use.

### i. Plaintiff fails to establish unauthorized use likely to cause consumer confusion

Fronto King is a weak mark. There are no less than five registered marks in the Tobacco Product category that has the word Fronto in the name (See Exhibit E). Numerous other products do not have Fronto in their mark but nevertheless uses the word Fronto in thier packaging (See Exhibit G). "The strength and distinctiveness of a plaintiff's mark is a vital consideration in determining the scope of protection it would be accorded. 'strong marks are widely protected, as contrasted to weak marks" *Amstar Corp. v. Domino's Pizza, Inc*., 615 F.2d at 259. (quoting Lunsford, Trademark Basics, 59 Trade-Mark Rep. 873, 878 (1969)).

Fronto is a generic term. According to urbandictionary.com it means, "the all-natural whole leaf version of the wrap on backwoods before they have been cut up and flavored." In the related action noted with this action, *Fronto King, LLC v. Five a Trading, Inc*. 1;15cv1668; a jury of fact in this Court found that both Defendants did not infringe on Plaintiff's trademark (word mark). On the question of whether the "use of the PURE FRONTO (word mark) infringes upon the Fronto King's FRONTO KING (word mark) the jury answered "NO".  It is worth noting that in that case, the application was pending for the Pure Fronto's trademark while in this present action Fronto Leaf Master is a registered trademark since 2013.

In the Complaint, Plaintiff states that the infringement has caused actual confusion but only uses one example from its twitter feed in which the allegedly "confused" consumer, doemane_gritter_life003 states, "dey say fronto on em that's crazy".  It is apparent that Plaintiff

wishes to use private litigation to an end it cannot reach with the protections of the Lanham Act and that is to monopolize the use of a generic term widely used in the tobacco products industry. It is highly foreseeable that another jury would find the term "fronto" to be generic as well. Plaintiff's attempt at showing actual confusion utterly fails because it merely shows the use of the generic term. It follows that no relief can be granted on Plaintiff's trademark infringement claim. Defendant in this action has used its federally registered trademark and a generic term. Defendant did not use Plaintiff's trademark or trade dress in any way on its product and Plaintiff has offered no sufficient facts to establish that.

### ii. Plaintiff fails to identify any elements of infringement or allege any factual content

The Complaint is almost a verbatim reiteration of the applicable sections of the Lanham Act. It recites the elements of the cause of action but leaves one at a loss at what constitutes the alleged infringement. There are no factual enhancements to the recitation of the elements of the cause of action. One example of the many naked assertions in the Complaint is the assertion that the "trade dress is identical". However, the Complaint fails to demonstrate any similarities. Does the allegedly infringing trade dress use the same colors as Plaintiff's trade dress? Does the allegedly infringing trade dress use the same fonts as Plaintiff's trade dress? Does the allegedly infringing trade dress use the same insignia as Plaintiff's trade dress? Or is the totality of those elements or any combination thereof that constitute the infringement? These lingering questions that remain after reading the Complaint is the exact reason why the Supreme Court made clear that Rule 8 of the Federal Rules requires that a complaint must include "enough facts to state a claim to relief that is plausible on its face" *Twombly*, 550 U.S. at 570. These questions need to be answered for the Complaint to state a cause of action for which relief could be granted.

A reason why there are no elements stated in the Complaint may be due to the fact that there are no similarities in the trade dress of Plaintiff's products and that of the Defendant's products other than functionality. The description of the mark in Plaintiff's trade dress registration 4081646, "The color(s) orange, black, white, gold is/are claimed as a feature of the mark. The mark consists of an orange, white and black Crown outlined in white on a black colored background; Two black and orange leaves on each side of the crown; A white block beneath the crown between the two leaves; … ; The words "Fronto King" in black stylized lettering with an orange shadowing and a white outline above the white oval on an orange colored background; The word "Fresh" colored in orange within an orange circle which is contained within a black ribbon star, black and white leaves protruding from the black ribbon star; Black and white lines above and below the words "Fronto King"; and gold leaves at the top and bottom corners of the words "Fronto King"" (See Exhibit F). Fronto Leaf Master does not have the color orange, gold or black in its trade dress. It uses the color red for the words "Fronto Leaf Master" outlined in white; a photograph of the fronto leaf in the middle of the package against a solid cream color background. There are no crown or gold leaves. Both trademarks and trade-dresses are clearly different and could not possibly be described as "identical" as Plaintiff asserts in its Complaint.

### III.   12(b)(5) MOTION TO DISMISS

Under Rule 12(b)(5) a Court may dismiss an action for failure to perfect service in accordance with Rule 4, which specifies the time periods, the proper manners and methods for doing so. *Cooley v. Ocwen Loan Servicing*, LLC, 729 Fed. App'x 677, 682 (11th Cir. 2018) (per curiam) Federal Civ Rules 12(b)(5). Because service of process is a jurisdictional requirement, Courts lack personal jurisdiction over a defendant who has not been properly served. See *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Where a plaintiff attempts to serve a

defendant and the validity of such service is contested, "the standards of proof governing motions to dismiss for lack of personal jurisdiction are applicable." *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (per curiam) (citations omitted). "As with a challenge to jurisdiction . . . the party on whose behalf service is made has the burden of establishing its validity." *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir. 1980) (citations omitted)[1]

If a defendant resides in the United States, service of process is governed by Federal Rule of Civil Procedure 4(e). Rule 4(e)(1) permits a plaintiff to carry out service in a way that complies with the law of either the state in which the federal district court sits, or the state in which the plaintiff attempted to serve the defendant. Here, under either option, that state is Georgia. Georgia's statute governing service of process for individuals mirrors the methods laid out in Rule 4(e)(2), which provides that a plaintiff can serve the defendant by: delivering a copy of the summons and complaint to the defendant personally; leaving the copies at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who lives there; or delivering copies to an agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(e)(2); O.C.G.A. § 9-11-4(e)(7).

### A.  Plaintiff did not serve Defendant within the time limit as per Rule 4(m)

The Complaint was filed on July 31, 2019. Plaintiff had a 90-day period in which to serve Defendant. Plaintiff claims to have served Defendant Anbar Talal on November 14, 2019 by delivering the summons and other documents to a Chris Alas and mailing it First Class to 1967

---

[1] Decisions of the former Fifth Circuit issued prior the close of business on September 30, 1981, constitute binding precedent in this Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc)

Wallace Ave, Apt 3 Bronx, New York 10029. This service was outside the period outlined in Rule 4(m) and without instruction from the Court, as well as outside the 11th Circuit.

### B.  Plaintiff did not properly serve Defendant pursuant to Rule 4(e)

The affidavit of service states that service was delivered to Chris Talal or Chris Alas (the names are used interchangeably in the Affidavit of service to describe the person who is 5'-6' in height, 180 pounds with black hair). This Chris was not asked and is not cited to claim to be an authorized agent of Mr. Talal. Rule 4 (e) (2) states that proper service is by delivering copies to an agent authorized by appointment or by law to receive service of process. Therefore, the service was not represented as proper under the Federal Rules of Civil Procedures.

## IV. <u>ABSENT PLAINTAIFF'S LANHAM ACT CLAIM, THERE IS NO FEDERAL JURISDCITION</u>

Without the Lanham Act claim, there is no basis for this Court's subject matter jurisdiction because Plaintiff's other counts – unfair competition – are state law claims. This Court has no jurisdiction over the Defendant, the Complaint fails to state a cause of action that this Court can provide, and Plaintiff failed to properly perfect service and therefore this Complaint should be dismissed.

**WHEREFORE**, Defendant Anbar Talal respectfully requests this Court (a) dismiss this Complaint for lack of personal jurisdiction, for failure to state a claim upon which relief can be granted and for improper service of process or (b) in the alternative, transfer this action to the United States District Court for the Southern District of New York.

Dated: December 27, 2019

Respectfully Submitted,

*/s/ Faris S. Hamtini*

Law Office of Faris S. Hamtini, PC
Faris S. Hamtini, Esq (admission pro hac vice)
3030 Northern Blvd, Suite 401
Long Island City, New York 11101
(718) 440-3396


 */S/ Mathew W. Carlton*
Carlton Law, LLC
Mathew W. Carlton
Ga. Bar No. 110389
125 Clairmont Ave., Suite 470
Decatur, Georgia 30030
(404) 458-4084