UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
**FRONTO KING, LLC,**

                              *Plaintiff*,

     -against-

**ANBAR TALAL d/b/a FRONTO LEAF MASTER and d/b/a FRONTO MASTER,**

                             *Defendants.*

-------------------------------------------------------------------- x

1:20-cv-08035 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

Defendant Anbar Talal d/b/a Fronto Leaf Master d/b/a Fronto Master ("Defendant") moves to dismiss the Plaintiff's Complaint ("Complaint") for failure to state a claim upon which relief can be granted under Federal Rule Civil Procedure ("FRCP") 12(b)(6). In the instant motion to dismiss, Defendant argues that the Plaintiff's complaint fails to state a claim for trademark and trade dress infringement under Lanham Act 15 U.S.C. § 1114 or state a claim for false designation of origin and unfair competition under the Lanham Act 15 U.S.C. §1125. The Plaintiff opposes the instant motion to dismiss and argues that it has sufficiently pleaded facts to allege claims under 15 U.S.C. § 1114 and 15 U.S.C. §1125. For the reasons set forth below, the Defendant's motion is hereby GRANTED.

1

## BACKGROUND

The Court assumes the Parties' familiarity with the facts, which are set forth more fully in the Complaint. ECF No. 1. Plaintiff Fronto King, LLC is organized under the laws of Massachusetts. *Id.* ¶ 8. Defendant Anbar Talal is seemingly run as a sole proprietorship that operates out of New York. *Id.* ¶¶ 9-11. Plaintiff owns two patents for its tobacco products, the FRONTO KING word mark (Reg. No. 3,731,310) and Fronto King's Trade Dress ("Reg. No. 4,081,646). *Id.* ¶¶ 2, 16-19. Defendant owns a federal trademark registration for FRONTO LEAF MASTER for use in connection with tobacco products. *Id.* ¶¶ 27-28. Defendant provides "nearly identical tobacco products" to Plaintiff's products under the names FRONTO LEAF MASTER and FRONTO MASTER and Defendant's Trade Dress. *Id.* ¶ 3.

In the operative Complaint, Plaintiff alleges that the Defendant uses FRONTO LEAF MASTER, FRONTO MASTER, and his Trade Dress to offer products that are "nearly identical" to Fronto King's products. *Id.* ¶ 31. The Plaintiff also alleges that the Defendant is intentionally fostering consumer confusion by using the Infringing Marks on his Facebook page, FrontoLeafMasterATL and his Instagram pages, @frontomaster, @frontoleafmaster, and @frontoleafmasteratlantaga. *Id.* ¶¶ 37-40. The Complaint also includes pictures of comments made on social media posts that allegedly show consumers referencing and tagging Fronto King's Instagram page and causing actual confusion regarding the two brands. *Id.* ¶ 41. The Plaintiff further alleges that the Defendant's use of FRONTO LEAF MASTER, FRONTO MASTER, and his Trade Dress constitutes false designation of origin and unfair competition by 1) infringing FRONTO KING and Fronto King's Trade Dress and by 2) falsely representing to the public that Defendant's products are provided by Fronto King, or are associated or connected with Fronto King, or have Fronto King's sponsorship, endorsement, or approval. *Id.* ¶¶ 34, 70.

## PROCEDURAL HISTORY

On December 27, 2019, the Defendant filed a motion to dismiss the Complaint for lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and for improper service of process in the United States District Court for the Northern District of Georgia pursuant to FRCP Rules 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6). ECF No. 15. On January 24, 2020, Plaintiff filed their memoranda of law in opposition to the instant motion to dismiss. ECF No. 20. On February 7, 2020, Defendants filed their reply memorandum of law in support of their motion to dismiss. ECF No. 21. On February 10, 2020, Defendant filed an amended reply brief in further support of their motion to dismiss. ECF No. 22. This Court considers this motion fully briefed.

On July 15, 2020, the United States District Court for the Northern District of Georgia directed the parties to file additional briefing regarding the propriety of venue and whether the case should be transferred to the United States District Court for the Southern District of New York. ECF No. 39. On July 27, 2020, the Defendant filed its response to the Order. ECF No. 40. On August 10, 2020, Plaintiff filed its response in opposition to the motion to dismiss for lack of personal jurisdiction and improper service. ECF No. 42. On August 17, 2020, Defendant filed a reply in further support of its motion to dismiss. ECF No. 43.

On September 21, 2020, the United States District Court for the Northern District of Georgia granted the Defendant's request to transfer this case to the United States District Court for the Southern District of New York. ECF No. 45. The Court made no findings regarding the Defendant's motion to dismiss pursuant to FRCP 12(b)(6) for failure to state a claim. This issue is now before this Court.

**LEGAL STANDARD**

When considering a motion to dismiss under FRCP 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663. Indeed, deciding whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 678-79 (2009) (quoting *Twombly*, 550 U.S. at 570). Furthermore, "[a] complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (internal quotations and citation omitted). A court "may also consider

matters of which judicial notice may be taken" in ruling on a motion to dismiss. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

## DISCUSSION

This Court finds that the Plaintiff has failed to sufficiently plead facts to state a claim for trademark infringement under the Lanham Act 15 U.S.C. § 1114 or state a claim for false designation of origin and unfair competition under the Lanham Act 15 U.S.C. §1125 for which relief could be granted. Indeed, the *prima facie* case required for the two federal claims is the same. *OffWhite Prods., LLC v. Off-White LLC*, 480 F. Supp. 3d 558, 563 (S.D.N.Y. 2020). To assess a trademark infringement claim under Lanham Act 15 U.S.C. § 1114 and false designation of origin and unfair competition under the Lanham Act 15 U.S.C. §1125, courts apply a two-prong test: The first looks to whether the senior user's mark is entitled to protection, the second, to whether the junior user's use of its mark is likely to cause consumers confusion as to the origin or sponsorship of the goods. *See Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 826 F.3d 27, 37 (2d Cir. 2016); *see also Trombetta v. Novocin*, 414 F. Supp. 3d 625, 630 (S.D.N.Y. 2019). Courts may appropriately dismiss claims on a motion to dismiss when plaintiffs cannot satisfy either of the two prongs. "If the mark is not eligible for protection, there is no need to examine likelihood of confusion. Such inquiry would, of course, be redundant, since a determination that a mark is ineligible for protection establishes that consumers do not associate that mark with a particular source." *Thompson Med. Co. v. Pfizer Inc.*, 753 F.2d 208, 216 (2d Cir. 1985).

Alternatively, even if a mark is eligible for protection, "[c]laims ... may be dismissed as a matter of law where the court is satisfied that the products or marks are so dissimilar that no question of fact is presented." *Pirone*, 894 F.2d at 584 (quotation and citation omitted).

In determining whether there is consumer confusion under the Lanham Act, courts use the "*Polaroid* test," which considers eight factors identified by the Second Circuit in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492 (2d Cir. 1961). These factors are: (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may "bridge the gap" by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market. *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 115 (2d Cir. 2009); *Polaroid Corp.*, 287 F.2d at 495. These eight factors do not all have to be satisfied to establish a claim, and no one factor is dispositive. *OffWhite Prods., LLC v. Off-White LLC*, 480 F. Supp. 3d 558, 564 (S.D.N.Y. 2020).

Because "likelihood of confusion is a factual question, centering on the probable of reactions of prospective purchasers of the parties' goods," *Pirone v. MacMillan, Inc.*, 894 F.2d 579, 584 (2d Cir. 1990), the question ordinarily is ill-suited for resolution on a motion to dismiss. *See, e.g.*, *Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 220 F.R.D. 39, 40 (S.D.N.Y. 2004). A complaint must nevertheless contain sufficient facts to plausibly allege a probability of confusion between plaintiff's product or services and those of the alleged infringer. *See Guthrie Healthcare Sys.*, 826 F.3d at 37. "In the context of a motion to dismiss, courts have disposed of trademark claims where simply looking at the work itself, and the context in which it

6

appears, demonstrates how implausible it is that a [consumer] will be confused into believing that the plaintiff endorsed the defendant's work." *Louis Vuitton Malletier S.A. v. Warner Bros. Entm't Inc.*, 868 F. Supp. 2d 172, 183 (S.D.N.Y. 2012).

Here, the Plaintiff has failed to allege sufficient facts regarding unauthorized use susceptible to causing a likelihood of confusion that would state a claim for relief that is plausible on its face. Plaintiff's Complaint fails to identify with any particularity how Fronto Leaf Master has allegedly infringed on Plaintiff's trademark. Instead, the Complaint merely recites the elements of each cause of action with bare conclusory allegations substantiated with photos of the Defendant using on the Plaintiff's trademark or Plaintiff's trade-dress and the elements of the false designation of origin. *See Dow Jones & Co., Inc. v. Int'l Sec. Exch., Inc.*, 451 F.3d 295, 307 (2d Cir. 2006) (indicating that "conclusory allegations unsupported by factual assertions ... fail even the liberal standard of Rule 12(b)(6)"). Indeed, the Plaintiff provides no further facts in support of the elements of either cause of action.

Plaintiff also provides no facts that establish an unauthorized use of a trademark. There are no clear similarities in the trade dress between the Plaintiff's tobacco products and the Defendant's tobacco products. According to the Plaintiff's trade dress registration Reg. No. 4081646, the description states that, "The color(s) orange, black, white, gold is/are claimed as a feature of the mark. The mark consists of an orange, white and black Crown outlined in white on a black colored background; Two black and orange leaves on each side of the crown; A white block beneath the crown between the two leaves." ECF No. 15 at 27-28. The description of the mark also states that "[t]he words "Fronto King" in black stylized lettering with an orange shadowing and a white outline above the white oval on an orange colored background; The word "Fresh" colored in orange within an orange circle which is contained within a black ribbon star,

black and white leaves protruding from the black ribbon star; Black and white lines above and below the words "Fronto King"; and gold leaves at the top and bottom corners of the words "Fronto King"" *Id*. Here, Fronto Leaf Master does not include orange, gold or black in its trade dress. Instead, Fronto Lead Master uses red for the words "Fronto Leaf Master" outlined in white and an image of one leaf against a solid cream color background. There's also no crown. Both trademarks and trade-dresses are clearly different and therefore do not plausibly demonstrate how the Defendant provides "nearly identical tobacco products" as the Plaintiff. ECF No. 1 at ¶ 3.

## CONCLUSION

For the reasons set forth above, the Defendants' motion to dismiss is hereby **GRANTED**. This Court declines to grant Plaintiff leave to amend given that the marks are so dissimilar that no amendment would remedy the claims stated therein. The Clerk of Court is hereby ordered to terminate all motions and close the case.

**SO ORDERED.**

**Dated:**  **March 28, 2025**
       **New York, New York**          **ANDREW L. CARTER, JR.**
                                       **United States District Judge**